In the Matter of VINCENT M. WAGNER, Appellant, v JOSEPH NICOLETTI, as Commissioner of Public Works of the City of White Plains, et al., Respondents. [671 NYS2d 310] —In a proceeding pursuant to CPLR article 78, denominated as one in the nature of mandamus to compel the respondents to reinstate the petitioner to his employment with the Department of Public Works for the City of White Plains and continuing him on medical leave, the petitioner appeals from an order and judgment (one paper), of the Supreme Court, Westchester County (Lange, J.), entered April 1, 1997, which granted the respondents' motion to dismiss the proceeding as barred by the Statute of Limitations, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

We reject the petitioner's contention that this CPLR article 78 proceeding is in the nature of mandamus to compel and that the applicable Statute of Limitations under CPLR 217 had not begun to run as there had been no refusal of his demand for reinstatement of his employment (*see generally, Austin v Board of Higher Educ.*, 5 NY2d 430, 442). In reality, the instant proceeding is one to review the determination of the respondent Commissioner of Public Works of the City of White Plains to terminate the petitioner's employment based upon the respondents' interpretation and application of Civil

Service Law § 71. In a proceeding to review a determination, it is the rule that the determination becomes final and binding, and the Statute of Limitations begins to run, when the aggrieved party is notified of it (*see, Matter of Village of Westbury v Department of Transp.*, 75 NY2d 62, 72). Here, the petitioner was notified of the determination to terminate his employment on September 15, 1995, and his employment was terminated as of September 30, 1995. Since the petitioner did not commence the instant proceeding until June 1996, the proceeding is time-barred (*see,* CPLR 217).

The petitioner's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.