■ ADAM L. YOUNGELMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [757 NYS2d 331] —In an action to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated February 6, 2002, which, sua sponte, in effect, recalled and vacated a prior order of the same court, dated November 26, 2001, denying the defendants' motion to dismiss the complaint as barred by the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78, and thereupon granted the motion.

Ordered that on the court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly determined that the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 barred the plaintiff's challenge to the termination of his employment by the New York City Transit Authority (*see Solnick v Whalen,* 49 NY2d 224, 233 [1980]; *Meyers v City of New York,* 208 AD2d 258, 265 [1995]). In a proceeding to review a government agency's determination, the determination becomes final and binding, and the statute of limitations begins to run, when the aggrieved party is notified of it (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d 62, 73 [1989]; *Matter of Wagner v*

*Nicoletti,* 249 AD2d 484, 485 [1998]). Here, the plaintiff's union was notified of the determination to terminate his employment on or about September 21, 1999 (*see Matter of Case v Monroe Community Coll.,* 89 NY2d 438, 440 [1997]). Since the plaintiff did not commence this action until on or about December 26, 2000, the action is time-barred (*see* CPLR 217). Krausman, J.P., Townes, Crane and Mastro, JJ., concur.