Mugglin, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed March 20, 2002, which ruled that claimant’s Workers’ Compensation Law § 120 claim was not timely filed, and (2) from a decision of said Board, filed September 23, 2002, which, inter alia, denied claimant’s application for full Board review.
On June 9, 1986, claimant injured his right shoulder while replacing equipment under a subway car. He filed a claim for workers’ compensation benefits in connection with this injury. On June 27, 1990, the self-insured employer removed claimant from active service and placed him on disability retirement status. At the time, claimant’s workers’ compensation case was still pending. It continued to remain open until August 2002 when claimant was eventually classified with a marked permanent partial disability. On April 23, 2001, however, claimant filed a discrimination claim with the Workers’ Compensation Board alleging that his placement on disability retirement was in retaliation for filing a workers’ compensation claim. This followed a March 23, 2001 decision of the Board which rescinded a prior decision of a Workers’ Compensation Law Judge (hereinafter WCLJ) finding that claimant was permanently partially disabled, and restoring the case to the trial calendar for further development of the issues of, among other things, further causally related disability. Following a hearing on the discrimination claim, a WCLJ found that it was not timely filed in accordance with the provisions of Workers’ Compensation Law § 120. The Board affirmed the WCLJ’s decision and denied claimant’s *653 subsequent application for full Board review, resulting in these appeals.
Workers’ Compensation Law § 120 requires that an employee asserting a claim of discrimination by an employer for filing a workers’ compensation claim must file the discrimination claim within two years of the alleged discriminatory practice. Claimant argues, among other things, that the two-year period should be measured from the Board’s March 23, 2001 decision rescinding the WCLJ’s findings of permanent partial disability because that is when he discovered that he was not disabled and the self-insured employer was using his alleged disability as a means of retaliating against him by terminating his employment. We find this argument unpersuasive. The statute specifically provides that the time period rims from the alleged discriminatory practice which, in this case, was claimant’s June 27, 1990 placement on disability retirement status. The discrimination claim was not filed until almost 11 years later (see Matter of Jirak v Federal Express Corp., 253 AD2d 986 [1998], lv denied 92 NY2d 818 [1998]; Matter of Stabak v ISS Intl., 248 AD2d 814, 815 [1998], lv dismissed and denied 92 NY2d 891 [1998]). The fact that further evidence was taken on the extent of claimant’s disability during the fairly lengthy workers’ compensation proceedings does not establish that the discrimination claim accrued at a later date, particularly since claimant was ultimately classified with a marked permanent partial disability. We have considered claimant’s other arguments and find them to be without merit.
Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.