■ Mark McGovern, Appellant, v Levittown Fire District, Respondent. [813 NYS2d 131]—

In an action, inter alia, to recover back pay and benefits based upon alleged violations of Civil Service Law § 71, Workers' Compensation Law § 120, and 29 USC § 2611 *et seq.,* the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated April 5, 2005, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed, with costs.

In November 1999 the plaintiff allegedly sustained a back injury while working as an automotive servicer for the defendant, Levittown Fire District (hereinafter the district). Approximately five months later, the plaintiff became unable to

work, and was subsequently placed on a medical leave of absence pursuant to Civil Service Law § 71. When the plaintiff returned to work in May 2002 the district did not restore him to his position as an automotive servicer, but rather, placed him in another position for which the salary was $8,000 less annually than that of his former position. In July 2004 the plaintiff commenced this action, inter alia, to recover back pay and benefits based upon alleged violations of Civil Service Law § 71, Workers' Compensation Law § 120, and 29 USC § 2611 *et seq.* The Supreme Court granted the district's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7). We affirm.

Civil Service Law § 71 governs the reinstatement of employees after separation from their employment due to disability (*see* Civil Service Law § 71). A claim brought under Civil Service Law § 71 is subject to a four-month limitations period (*see* CPLR 217 [1]; *Youngelman v New York City Tr. Auth.*, 303 AD2d 751 [2003]; *Matter of Wagner v Nicoletti*, 249 AD2d 484 [1998]). The district's determination to place the plaintiff in a position other than that of automotive servicer upon his return to work became final and binding, and the statute of limitations began to run, when he was notified of the determination (*see Youngelman v New York City Tr. Auth., supra; Matter of Wagner v Nicoletti, supra* at 485). The plaintiff was notified of the district's determination to place him in a position other than his original position, at the latest, in May 2002 when he returned to work. Thus, since the action was commenced in July 2004, this claim was time-barred by the four-month limitations period.

Claims predicated upon a violation of Workers' Compensation Law § 120, alleging unlawful discriminatory or retaliatory action by an employer against an employee, are subject to a two-year limitations period (*see* Workers' Compensation Law § 120; *Matter of Keselman v New York City Tr. Auth.*, 1 AD3d 652 [2003]). Here, the alleged discriminatory or retaliatory act by the district of assigning the plaintiff to the lower paying position in May 2002, occurred more than two years before this action was commenced. Thus, this claim was time-barred.

Contrary to the plaintiff's contention, his claims based upon alleged violations of Civil Service Law § 71 and Workers' Compensation Law § 120 were not subject to the six-year catch-all limitations period found in CPLR 213 as the limitations periods for those claims are specifically prescribed by law (*see* CPLR 213).

The plaintiff's claim based upon a violation of 29 USC § 2611 *et seq.*, commonly known as the Family and Medical Leave Act, fails to state a cause of action as the plaintiff is not an "eligible

employee" thereunder (*see* 29 USC § 2611 [2] [B] [ii]; 29 CFR 825.108 [d]).

Accordingly, the Supreme Court properly granted the district's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.