■ MERQUI MANON SOSA, Appellant, v JP MORGAN CHASE BANK, Respondent. [822 NYS2d 122]—

In an action, inter alia, to recover damages for unauthorized transactions from a bank account and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 23, 2005, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground of res judicata and denied his cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

In his pro se complaint, the plaintiff alleged that the defendant wrongly or fraudulently permitted unauthorized transactions to deplete his savings account between March 5, 1996 and February 28, 1998. The plaintiff further averred, in an affidavit, that he did not discover the unauthorized transactions until July 2000.

The plaintiff previously commenced an action, inter alia, against the defendant, based on the same set of operative facts, in November 2001. That complaint, insofar as asserted against the defendant, was dismissed on April 1, 2002 upon the plaintiff's default in opposing the defendant's motion to dismiss pursuant to CPLR 3211 (a) (7). Approximately 19 months later, however, the Supreme Court granted the plaintiff's pro se motion to restore the action to the court's calendar, directing him to serve and file an amended complaint within 20 days. The plaintiff complied.

The defendant subsequently moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it on various grounds, including the fact that the plaintiff had failed to purchase a new index number and that, in any event, the causes of action asserted against it were time-barred. The motion was opposed by the plaintiff.

By order dated April 30, 2004, the Supreme Court, inter alia, granted the motion and dismissed the amended complaint insofar as asserted against the defendant, determining that the plaintiff's failure to purchase a new index number required dismissal of his action. Significantly, the court stated that "[e]ven were this Court permitted to correct the error nunc pro tunc by allowing the purchase of a new index number, it would not do so since plaintiff's claims against Chase, whether sounding in negligence or breach of fiduciary duty, are barred by the applicable statute of limitations." The plaintiff did not appeal from the April 30, 2004 order, but instead commenced the instant action on November 17, 2004.

The defendant moved, inter alia, to dismiss the action as barred by the doctrine of res judicata, based on the dismissal of the prior action on statute of limitations' grounds. The plaintiff

cross-moved for leave to amend the complaint. The Supreme Court granted the motion and denied the cross motion, stating that "[t]he prior order is res judicata." We agree.

Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981] [citation omitted]). The dismissal of an action on statute of limitations grounds "is at least sufficiently close to the merits for claim preclusion purposes to bar a second action" (*Smith v Russell Sage Coll.,* 54 NY2d 185, 194 [1981]). Indeed, "[i]f the information before the court is adequate to determine the Statute of Limitations issue . . . a dismissal on that ground will act as a bar to subsequent litigation if the other requirements for imposition of the doctrine of res judicata are present" (*Marinelli Assoc. v Helmsley-Noyes Co.,* 265 AD2d 1, 5 [2000]).

Applying these principles, the action was barred by the doctrine of res judicata (*see Smith v Russell Sage Coll., supra*).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.