■ GIANFRANCO IAVARONE, Appellant, v NORTHPARK PARTNERS, LP, Respondent. [933 NYS2d 78]—

The plaintiff, Gianfranco Iavarone, a resident of the State of New York, sought a judgment declaring that his personal guarantee of a commercial lease for retail space in the defendant's shopping center located in Dallas, Texas, is null and void. The defendant, Northpark Partners, LP, moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint, alleging, inter alia, that New York lacked personal jurisdiction over it under CPLR 302 (a) (1).

It is undisputed that the defendant is a foreign limited liability partnership that is not authorized or registered to do business in New York, does not own or control any property in New York, does not maintain an office or business address in New York, does not employ any personnel in New York, and does not perform any services in this state. The only ground the plaintiff relies upon to support his contention that New York has jurisdiction over the defendant is the alleged solicitation of the tenant and alleged negotiations leading up to the execution of the lease and guarantee. The Supreme Court granted the defendant's motion, holding that the defendant's activities in New York were insufficient to confer personal jurisdiction over the defendant pursuant to CPLR 302 (a) (1). We agree.

The Supreme Court properly determined that the number, nature, and quality of the defendant's contacts with New York, as alleged by the plaintiff, did "not evince purposeful activities by which they availed themselves of the benefits and protections of New York law" (*Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631, 631 [2011]). Accordingly, the plaintiff failed to make a prima facie showing that the defendant is subject to the personal jurisdiction of the Supreme Court (*see Crystal Cove Seafood Corp. v Chelsea Harbor, LLC*, 47 AD3d 670 [2008]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]).

In light of our determination, we need not address the parties' remaining contentions. Dickerson, J.P., Chambers, Sgroi and Cohen, JJ., concur.