◼ STEPHAN B. GLEICH, Appellant-Respondent, v STEPHEN J. HAENEL et al., Respondents-Appellants. [4 NYS3d 286]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 2, 2013, as granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first, second, third, and fourth causes of action, and made certain findings, and the defendants cross-appeal from so much of the same order as denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the fifth cause of action.

Ordered that the appeal from so much of the order as made certain findings is dismissed; and it is further;

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff's appeal from so much of the order as made certain findings in connection with the denial of that branch of the defendants' cross motion which was to dismiss the fifth cause of action, which alleged unjust enrichment, must be dismissed, as the plaintiff was not aggrieved by that portion of the order (*see* CPLR 5511; *George Tsunis Real Estate, Inc. v Benedict*, 116 AD3d 1002 [2014]).

The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the doctrine of res judicata barred the action. Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first, second, third, and fourth causes of action. Those causes of action were premised on an alleged 1994 oral agreement, pursuant to which the defendants promised to convey to the plaintiff a 50% ownership interest in the defendant Iceland Incorporated. Those causes of action were precluded by virtue of a prior judicial determination that the plaintiff did not own a 50% interest in that defendant pursuant to that oral agreement (*see Matter of Iceland Inc.*, 97 AD3d 579 [2012]). Ac-

cordingly, the Supreme Court properly directed the dismissal of those causes of action as barred by the doctrine of res judicata (*Trapani v Squitieri*, 107 AD3d 696 [2013]).

The parties' remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.