In the Matter of JOEL GROSSBARTH, as Successor in Interest to TOGNINO & GROSSBARTH, LLP, Appellant, v DANKER, MILSTEIN AND RUFFO, P.C., Respondent. [36 NYS3d 737]—

In a proceeding to recover an attorney's fee pursuant to 22 NYCRR 691.10 (b), the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Bartlett, J.), dated June 4, 2015, as dismissed the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In this proceeding, the petitioner, Joel Grossbarth, as successor in interest to Tognino & Grossbarth, LLP, sought a money judgment in his favor and against the respondent, the law firm of Dankner, Milstein & Ruffo, P.C., sued herein as Danker, Milstein and Ruffo, P.C. (hereinafter DMR). Grossbarth is a

disbarred attorney (*see Matter of Grossbarth*, 113 AD3d 14 [2013]). DMR had been substituted for Grossbarth as the attorney for the plaintiffs in a medical malpractice action (hereinafter the underlying action) which was pending in the Supreme Court, Orange County, at the time Grossbarth was suspended from the practice of law in 2011. The Supreme Court dismissed the petition, and we affirm.

This proceeding was brought pursuant to 22 NYCRR 691.10 (b), the rule which governs compensation for a disbarred or suspended attorney based on work done prior to the effective date of suspension or disbarment. The Supreme Court properly dismissed the petition since the proceeding was barred by the doctrine of res judicata. This doctrine " 'is designed to provide finality in the resolution of disputes,' recognizing that '[c]onsiderations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation' " (*Matter of Hunter*, 4 NY3d 260, 269-270 [2005], quoting *Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]). "Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp.*, 55 AD3d 982 [2008]).

Here, approximately three years before this proceeding was commenced, Grossbarth sought identical relief, under both 22 NYCRR 691.10 (b) and pursuant to Judiciary Law § 475, via a motion made in the underlying action. In an order dated October 22, 2012, the Supreme Court denied that motion, holding that Grossbarth's failure to comply with 22 NYCRR 691.20 (a) (1) operated as a forfeiture of any supposed right to a charging lien (*see* Judiciary Law § 475), as well as his right to recover any attorney's fee, including one based on quantum meruit (*see* 22 NYCRR 691.10 [b]). Grossbarth did not appeal from that order, and cannot simply commence a new and essentially duplicative proceeding seeking the same relief.

Accordingly, the Supreme Court properly dismissed the petition. In light of our conclusion, it is unnecessary to reach the appellant's remaining contentions. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.