██ OLESTER JOHNSON, Appellant, v CITY OF NEW YORK et al., Defendants, and ROCHDALE VILLAGE, INC., et al., Respondents. [50 NYS3d 461]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated July 23, 2015, as granted those branches of the motion of the defendants Rochdale Village, Inc., and "John Doe" which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the cause of action alleging negligence in effecting his arrest insofar as asserted against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2012, the plaintiff commenced an action, inter alia, to recover damages under theories of assault and battery for injuries he allegedly sustained while being placed under arrest by the defendant "John Doe" (hereinafter Doe), a security officer employed by the defendant Rochdale Village, Inc. (hereinafter Rochdale), following an altercation at a meeting of Rochdale's cooperative board. In 2013, the Supreme Court dismissed the plaintiff's assault and battery causes of action, as well as a vicarious liability cause of action asserted against Rochdale based on the alleged assault and battery, as time-barred by the one-year statute of limitations applicable to intentional torts (*see* CPLR 215 [3]). The plaintiff did not appeal from the dismissal of those causes of action, but subsequently commenced this action to recover damages for the alleged "negligent, careless and reckless . . . manner in which

[Doe] restrained, subdued and arrested plaintiff causing plaintiff to sustain serious personal injuries." Thereafter, Rochdale and Doe moved, inter alia, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the cause of action alleging negligence in effecting his arrest insofar as asserted against those defendants on the grounds of res judicata and failure to state a cause of action. In the order appealed from, the court, inter alia, granted those branches of the motion.

"[U]nder New York's transactional analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Hunter*, 4 NY3d 260, 269 [2005], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Singer v Windfield*, 125 AD3d 666, 668 [2015]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1007 [2012]; *Sosa v JP Morgan Chase Bank*, 33 AD3d 609 [2006]). Here, the purported negligence cause of action asserted in the plaintiff's second action arose from the same operative facts as the dismissed intentional tort claims, and could have been raised in the first action. Accordingly, in view of the previous litigation between the parties, the Supreme Court properly directed the dismissal of that cause of action on the ground that it was barred by the doctrine of res judicata (*see Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 144 AD3d 1134 [2016]; *Blake v City of New York*, 144 AD3d 1071 [2016]; *Matter of Grossbarth v Danker, Milstein & Ruffo, P.C.*, 142 AD3d 706 [2016]; *Gleich v Haenel*, 125 AD3d 927 [2015]).

Furthermore, the Supreme Court properly dismissed the negligence cause of action on the additional ground that the allegations in support of it failed to state a cause of action. The allegations that Doe physically injured the plaintiff while restraining and arresting him did not transform the plaintiff's time-barred cause of action alleging assault into a timely cause of action alleging negligence, as New York does not recognize a cause of action to recover for negligent assault (*see Oteri v Village of Pelham*, 100 AD3d 725 [2012]; *Smiley v North Gen. Hosp.*, 59 AD3d 179 [2009]; *Wrase v Bosco*, 271 AD2d 440 [2000]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.