Williams v City of Yonkers (2018 NY Slip Op 02827)





Williams v City of Yonkers


2018 NY Slip Op 02827


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-06683
 (Index No. 64190/15)

[*1]Glennie Williams, appellant,
v City of Yonkers, respondent.


Steiner & Kosteyn, LLP, White Plains, NY (Scott J. Steiner of counsel), for appellant.
Michael V. Curti, Corporation Counsel, Yonkers, NY (Hina Sherwani and Dusan Lakic of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated April 27, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff began his employment with the defendant, City of Yonkers, in 1987 as an "environmental maintenance worker." The position required him to possess a valid New York State class B commercial driver license to operate a City-owned sanitation truck, and the plaintiff obtained that license in 1987.
By letter dated June 1, 2009, the City informed the plaintiff that he no longer possessed a valid New York State class B commercial driver license and advised him that, unless he obtained such a license by August 28, 2009, his employment would be terminated. The City sent the plaintiff a follow-up letter dated August 17, 2009, reminding him that he had until August 28, 2009, to produce a copy of the required license, and that if he failed to do so, his employment would be terminated. The plaintiff's employment with the City was terminated on August 28, 2009, due to his failure to produce proof that he had a valid class B commercial driver license.
On April 4, 2013, the plaintiff, acting pro se, commenced a CPLR article 78 proceeding against the City, alleging that he was wrongfully terminated from his position and that his union failed to grieve his termination or obtain a hearing prior to his termination. In his petition, the plaintiff alleged that he was unable to renew his class B commercial driver license due to a learning disability and that the City had helped him obtain his prior license. The plaintiff also alleged that other people who worked for the City's Sanitation Department did not have the required commercial driver license and were not terminated. In his petition, the plaintiff sought reinstatement to his former position and back-pay.
The City opposed the petition on procedural and substantive grounds. In a judgment dated August 20, 2013, the Supreme Court denied the petition and dismissed the proceeding on the [*2]grounds that the petition was time-barred, the plaintiff failed to exhaust his administrative remedies, and the papers were facially defective.
Through counsel, in August 2015, the plaintiff commenced this action against the City to recover damages and reinstatement to his prior position as a result of his wrongful termination stemming from a breach of the collective bargaining agreement (first and second causes of action) and damages stemming from violations of Executive Law § 296 (third and fourth causes of action). The City moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint, and in the order appealed from, the Supreme Court granted the motion. The court determined that the first two causes of action were barred by the doctrine of res judicata, as those causes of action were the same as those alleged in the previous CPLR article 78 proceeding, which had been dismissed. The court further determined that the third and fourth causes of action were barred by the applicable three-year statute of limitations, and that the tolling provisions of CPLR 208 did not apply to this case.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata. The doctrine of res judicata bars the litigation of a claim or defense if, in a former litigation between the parties, or those in privity with them, in which there was a final conclusion, the subject matter and the causes of action are identical or substantially identical (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100; O'Connell v Corcoran, 1 NY3d 179, 184-185). "Typically, principles of res judicata require that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Xiao Yang Chen v Fischer, 6 NY3d at 100 [internal quotation marks omitted]; see Burgos v New York Presby. Hosp., 155 AD3d 598; Parolisi v Slavin, 98 AD3d 488, 489).
"[W]here a plaintiff in a later action brings a claim for damages that could have been presented in a prior CPLR article 78 proceeding against the same party, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-348; see Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d 1068, 1069; Pauk v Board of Trustees of City Univ. of N.Y., 111 AD2d 17, 20-21, affd 68 NY2d 702). "[A] dismissal on the ground of the statute of limitations is considered to be on the merits for res judicata purposes" (Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1134, 1135; see Smith v Russell Sage Coll., 54 NY2d 185, 194; Johnson v City of New York, 148 AD3d 1126, 1127; Sosa v JP Morgan Chase Bank, 33 AD3d 609, 611). Here, the plaintiff's first and second causes of action set forth in the complaint were identical to those set forth in the CPLR article 78 proceeding, which had been dismissed by the Supreme Court. Consequently, the court properly granted those branches of the City's motion which were to dismiss the first and second causes of action as barred by the doctrine of res judicata (see Matter of Carter v Walt Whitman N.Y. City Hous. Auth., 98 AD3d 1113, 1114; Sosa v JP Morgan Chase Bank, 33 AD3d at 611; Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 5; Pauk v Board of Trustees of City Univ. of N.Y., 111 AD2d at 20-21; see also Youngelman v New York City Tr. Auth., 303 AD2d 751, 751-752).
Further, to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see Amrusi v Nwaukoni, 155 AD3d 814; Stewart v GDC Tower at Greystone, 138 AD3d 729, 729). If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, show that an exception to the limitations period is applicable, or demonstrate that the plaintiff actually commenced the action within the applicable limitations period (see Elia v Perla, 150 AD3d 962, 964; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1086; Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1017). Causes of action brought under Executive Law § 296 have a three-year statute of limitations (see CPLR 214[2]; Cahill v State of N.Y. Stony Brook Univ. Hosp., 139 AD3d 779, 780; Kwarren v American Airlines, 303 AD2d 722).
Here, the City met its initial burden in demonstrating that the plaintiff failed to commence an action predicated upon violations of Executive Law § 296 within three years of his [*3]termination of employment (see Executive Law § 296; CPLR 214[2]; Kwarren v American Airlines, 303 AD2d at 722). In opposition, the plaintiff failed to raise a question of fact as to the applicability of the "insanity" toll pursuant to CPLR 208 (see McCarthy v Volkswagen of Am., 55 NY2d 543, 548-549; Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1022; Burgos v City of New York, 294 AD2d 177), show that any exception to the limitations period is applicable, or demonstrate that he actually commenced the action within the limitations period. Consequently, the Supreme Court properly granted those branches of the City's motion which were to dismiss the third and fourth causes of action as barred by the applicable statute of limitations.
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court