Village of Northport v Krumholz (2019 NY Slip Op 00926)





Village of Northport v Krumholz


2019 NY Slip Op 00926


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-02520
2016-08825
 (Index No. 37474/12)

[*1]Village of Northport, respondent,
v
MaryClaire Krumholz, appellant.


MaryClaire Krumholz, Smithtown, NY, appellant pro se.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondent.
In an action, inter alia, to recover damages for conversion and breach of fiduciary duty, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated January 5, 2016, and (2) a judgment of the same court entered March 16, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing, as time-barred, the defendant's counterclaim alleging, inter alia, wrongful termination. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiff and against the defendant, in effect, dismissing the defendant's counterclaim.



DECISION & ORDER
Motion by the respondent to dismiss the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the judgment in the action. By decision and order on motion of this Court dated August 25, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been [*2]considered on the appeal from the judgment (see CPLR 5501[a][1]).
On June 7, 2006, the defendant was appointed Treasurer of the Village of Northport. She continued to work in that capacity until March 2009, when the Village discovered that the defendant had been appropriating Village funds to herself.
In October 2009, the defendant commenced an action in the United States District Court for the Eastern District of New York (hereinafter the federal action), seeking overtime pay under the Fair Labor Standards Act, and alleging that her employment as Treasurer of the Village should not have been terminated without a hearing. The Village counterclaimed against the defendant for conversion of Village property and breach of fiduciary duty. The federal court dismissed the defendant's claim pursuant to the Fair Labor Standards Act, and declined to consider the state law questions.
In December 2012, the Village commenced this action against the defendant alleging that she had improperly written checks to herself from Village funds. In a counterclaim dated January 4, 2013, the defendant alleged wrongful termination and violation of Public Officers Law § 36, and sought reinstatement and back pay.
In an order dated January 5, 2016, the Supreme Court granted those branches of the Village's motion which were for summary judgment on its conversion and breach of fiduciary duty causes of action, and dismissing, as time-barred, the defendant's counterclaim. A judgment was entered on March 16, 2016.
On appeal, the defendant contends that the Supreme Court should not have granted that branch of the Village's motion which was for summary judgment dismissing her counterclaim.
We agree with the Supreme Court's determination that the defendant was required to bring a proceeding pursuant to CPLR article 78 to pursue her claim of wrongful termination and to seek reinstatement and unpaid salary. A CPLR article 78 proceeding is the exclusive remedy for a discharged public employee, who must seek reinstatement prior to seeking unpaid salary (see Austin v Board of Higher Educ. of City of N.Y. , 5 NY2d 430; Meyers v City of New York , 208 AD2d 258, 265; see also Conklin v Town of Ramapo , 214 AD2d 639). Accordingly, the Village established its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaim as time-barred, because it was subject to the four-month statute of limitations (see CPLR 217; Youngelman v New York City Tr. Auth. , 303 AD2d 751; Broderick v Board of Educ. Roosevelt Union Free School Dist. , 253 AD2d 836). In opposition, the defendant failed to raise a triable issue of fact. The defendant was effectively terminated on March 13, 2009, but she did not assert her counterclaim until January 4, 2013.
The defendant's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court