Chiesa v McGregor (2022 NY Slip Op 05982)

Chiesa v McGregor

2022 NY Slip Op 05982

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2019-11713
 (Index No. 518314/18)

[*1]Michael Chiesa, appellant, 
v
Conor McGregor, et al., respondents, et al., defendants.

Joseph W. Murray, South Richmond Hill, NY (Nora Constance Marino of counsel), for appellant.
Arnold & Porter Kaye Scholer, LLP, New York, NY (James M. Catterson, John D. Geelan, David A. Kerschner, Kate I. Sapirstein, and James Herschlein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for assault, battery, and negligent and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 10, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Conor McGregor and McGregor Sports and Entertainment, LLC, which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second, third, and sixth causes of action insofar as asserted against Conor McGregor and granted that branch of their motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against McGregor Sports and Entertainment, LLC.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendants Conor McGregor and McGregor Sports and Entertainment, LLC, which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action insofar as asserted against Conor McGregor and that branch of those defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against McGregor Sports and Entertainment, LLC, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, a professional mixed martial artist (hereinafter MMA) competitor, commenced this action against, among others, the defendants Conor McGregor, a professional MMA competitor, and McGregor Sports and Entertainment, LLC (hereinafter MSE), to recover damages, inter alia, for assault, battery, and negligent and intentional infliction of emotional distress arising out of an incident that occurred on April 5, 2018, in the loading dock of the Barclays Center in Brooklyn. The plaintiff alleged in the amended verified complaint, inter alia, that McGregor threw a hand truck at a bus on which the plaintiff, among others, was present, breaking a window and causing the handle of the hand truck and glass from the shattered window to strike the plaintiff causing, among other things, facial injuries.
McGregor and MSE (hereinafter together the defendants) moved, inter alia, in effect, [*2]pursuant to CPLR 3211(a)(7) to dismiss certain causes of action insofar as asserted against McGregor and pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against MSE for lack of personal jurisdiction. The plaintiff opposed the motion. In an order dated September 10, 2019, the Supreme Court, among other things, granted those branches of the motion which were to dismiss the second cause of action, alleging negligence, the third cause of action, alleging negligent infliction of emotional distress, and the sixth cause of action, alleging intentional infliction of emotional distress, insofar as asserted against McGregor, and that branch of the motion which was to dismiss the amended complaint insofar as asserted against MSE for lack of personal jurisdiction. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
"'Negligence is distinguished from assault and battery by the absence of that intent which is a necessary ingredient of the latter'" (Borrero v Haks Group, Inc., 165 AD3d 1216, 1217, quoting Jones v Kent, 35 AD2d 622, 622). Although "the same act may constitute battery or negligence depending upon whether or not it was intentional, . . . there cannot be recovery for both" (Borrero v Haks Group, Inc., 165 AD3d at 1218 [internal quotation marks omitted]; see Murray v Long Is. R. R. Co., 35 AD2d 579, affd 28 NY2d 849). As such, "if the only inference that may be drawn from plaintiff's evidence is that defendant's contact with plaintiff was intentional, plaintiff may recover only in battery and the issue of negligence should not be submitted to the jury" (Borrero v Haks Group, Inc., 165 AD3d at 1218 [internal quotation marks omitted]; see Thomas v Fayee, 302 AD2d 451, 452).
Here, the only inference that may be drawn from the plaintiff's allegations is that the plaintiff's alleged injuries resulted solely from McGregor's intentional acts. Contrary to the plaintiff's contention, even if McGregor "lacked any intent to make physical contact with, or otherwise injure, the plaintiff, the conduct attributed to [McGregor] in the amended complaint . . . constituted intentional, rather than negligent, conduct" (Borrerro v Haks Group, Inc., 165 AD3d at 1218). Moreover, while a plaintiff is statutorily permitted to assert inconsistent or conflicting theories of liability (see CPLR 3014; see also Hall v City of Buffalo, 151 AD3d 1942, 1944), negligent assault or battery is not a cognizable claim in New York (see Borrerro v Haks Group, Inc., 165 AD3d at 1217; Johnson v City of New York, 148 AD3d 1126, 1127), which is what the plaintiff's cause of action for negligence, in effect, asserts. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the second cause of action insofar as asserted against McGregor.
"A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety" (Borrerro v Haks Group, Inc., 165 AD3d at 1219 [internal quotation marks omitted]; see Taggart v Costabile, 131 AD3d 243, 255-256). "A negligent infliction of emotional distress cause of action must fail where, as here, no allegations of negligence appear in the pleadings" (Borrerro v Haks Group, Inc., 165 AD3d at 1219 [internal quotation marks omitted]; see Santana v Leith, 117 AD3d 711, 712). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the third cause of action insofar as asserted against McGregor.
However, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the sixth cause of action, alleging intentional infliction of emotional distress, insofar as asserted against McGregor. Contrary to the defendants' contention, the complaint sufficiently alleged that McGregor engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell v New York Post Co., 81 NY2d 115, 122 [internal quotation marks omitted]; Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [*3][internal quotation marks omitted]; see Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710-711). Besides the alleged throwing of the hand truck that is the basis of the plaintiff's assault and battery causes of action, the plaintiff also alleges that McGregor threw other objects at the bus, attempted to board the bus, prevented the bus from moving, kicked the bus, and yelled threats and expletives. Contrary to the defendants' contention, the cause of action for intentional infliction of emotional distress was not duplicative of the plaintiff's other asserted causes of action.
In support of that branch of the motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against MSE for lack of personal jurisdiction, the defendants relied exclusively upon the allegations in the amended complaint.
"'When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff'" (Altman v DiPreta, 204 AD3d 965, 967, quoting Lowy v Chalkable, 186 AD3d 590, 591). "However, in opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Altman v DiPreta, 204 AD3d at 967 [alterations and internal quotation marks omitted]). "'The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff'" (Fanelli v Latman, 202 AD3d 758, 759, quoting Nick v Schreider, 150 AD3d 1250, 1251). New York's long-arm statute, CPLR 302(a)(2), provides, in pertinent part, that, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state." To be considered an "agent" for purposes of CPLR 302(a), an individual must have "engaged in purposeful activities in the State in relation to a transaction for the benefit of and with the knowledge and consent of the defendant and the defendant must have exercised some control over the agent in the matter" (America/Intl. 1994 Venture v Mau, 146 AD3d 40, 54 [alterations and internal quotation marks omitted]; see Kreutter v McFadden Oil Corp., 71 NY2d 460, 467).
Contrary to the defendants' contentions, the allegations in the amended complaint were sufficient to support personal jurisdiction as against MSE. The amended complaint alleges that at all times McGregor acted as an agent and on behalf of MSE. The amended complaint further alleges that on April 3, 2018, there was a confrontation in a Brooklyn hotel between McGregor's friend and colleague Artem Lobov and Khabib Nurmagomedov involving Lobov's public assertions that Nurmagomedov was avoiding a fight with McGregor. On April 4, 2018, a video of the confrontation between Lobov and Nurmagomedov was published on social media. In a text message, which was published by "sportsjoe," McGregor informed Lobov that he was "coming over." Thereafter, MSE procured and paid for an aircraft to transport McGregor to New York so that McGregor could confront Nurmagomedov on April 5, 2018, at an event known as "UFC 223 Media Day."
The amended complaint further alleges that, in an interview on September 20, 2018, McGregor was asked about the subject incident, and responded that he was thankful that he did not kill Nurmagomedov in April 2018 because "we would not have this great fight ahead of us." In that same interview, McGregor promoted his upcoming fight with Nurmagomedov at an event known as "UFC 229" on October 6, 2018, "in association with [MSE]." The amended complaint alleges that McGregor, individually and on behalf of MSE, "purposely staged and engaged in the criminal acts of April 5, 2018, in a deliberate attempt to create publicity resulting from the havoc, mayhem, and injury that he caused, in this reckless publicity stunt, and promotional effort for this upcoming fight, with the intent to profit from same."
Overall, the plaintiff's allegations that McGregor's tortious conduct was intended to promote and bring publicity for a potential fight between McGregor and Nurmagomedov, and that MSE was involved in the promotion/sponsorship of the fight between McGregor and Nurmagomedov at UFC 229, was sufficient to allege, prima facie, that McGregor's conduct was for the benefit of MSE. Additionally, the plaintiff's allegation that MSE procured and paid for the use of an aircraft so that McGregor could confront Nurmagomedov at UFC 223 Media Day was sufficient to show, prima facie, that MSE exercised control over McGregor. These allegations were [*4]sufficient to demonstrate, prima facie, that MSE was subject to the personal jurisdiction of the court.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the amended complaint insofar as asserted against MSE for lack of personal jurisdiction.
DILLON, J.P., BARROS, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court