Serota v Cooper (2023 NY Slip Op 02692)

Serota v Cooper

2023 NY Slip Op 02692

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-03374
 (Index No. 608544/19)

[*1]Stuart Serota, etc., appellant,
v
Patricia A. Cooper, etc., respondent.

Kaufman & Serota, Rockville Centre, NY (Benjamin R. Blum and Lila N. Serota of counsel), for appellant.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Janice J. DiGennaro, and Evan H. Krinick of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for abuse of process, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated March 2, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The instant action has its origin in a divorce action commenced in Colorado by the plaintiff's daughter-in-law against the plaintiff's son. The defendant in the instant action, an attorney licensed to practice in Colorado, represented the daughter-in-law in the divorce action. In connection with the divorce action, the defendant drafted two document and information subpoenas and arranged for service upon the plaintiff pursuant to CPLR 3119. The plaintiff did not comply with the subpoenas, and the daughter-in-law retained local counsel in New York to commence an enforcement proceeding against the plaintiff and to hold the plaintiff in contempt (see CPLR 2308). The defendant submitted an affirmation in support of the enforcement proceeding. The plaintiff opposed the enforcement proceeding, and the petition ultimately was denied, the subpoena was quashed, and the proceeding was dismissed. Thereafter, the plaintiff commenced the instant action against the defendant to recover damages for abuse of process. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, of lack of personal jurisdiction. The plaintiff opposed the motion. By order dated March 2, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff" (Chiesa v McGregor, 209 AD3d 963, 967 [internal quotation marks omitted]). In opposing a motion pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists (see Opticare Acquisition Corp. v Castillo, 25 AD3d 238, 243). Where, as here, the plaintiff opposes a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, the plaintiff need not make a prima facie showing of jurisdiction, but instead "need only demonstrate that facts 'may exist' to exercise personal jurisdiction over the defendant" (Ying Jun Chen v Lei Shi, 19 AD3d 407, 407-408, [*2]quoting Peterson v Spartan Indus., 33 NY2d 463, 467). If "it appear[s] from affidavits submitted in opposition to [the] motion . . . that facts essential to justify opposition may exist but cannot then be stated," a court may, in the exercise of its discretion, postpone resolution of the issue of personal jurisdiction (CPLR 3211[d]).
Here, the plaintiff failed to demonstrate that facts may exist on the issue of personal jurisdiction so as to warrant holding the defendant's motion in abeyance while discovery is conducted (see CPLR 3211[d]; Fanelli v Latman, 202 AD3d 758, 761; Abad v Lorenzo, 163 AD3d 903, 904).
Under CPLR 302(a)(1), a "court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (Fischbarg v Doucet, 9 NY3d 375, 380 [internal quotation marks omitted]; see Parke-Bernet Galleries v Franklyn, 26 NY2d 13). "'[A]lthough determining what facts constitute 'purposeful availment' is an objective inquiry, it always requires a court to closely examine the defendant's contacts for their quality'" (Paterno v Laser Spine Inst., 112 AD3d 34, 40, quoting Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 338; see America/Intl. 1994 Venture v Mau, 146 AD3d 40, 52). "Whether a non-domiciliary has engaged in sufficient purposeful activity to confer jurisdiction in New York requires an examination of the totality of the circumstances" (Paterno v Laser Spine Inst., 112 AD3d at 40 [internal quotation marks omitted]; see Fanelli v Latman, 202 AD3d at 760). In this case, in opposition to the defendant's motion, the plaintiff failed to make a prima facie showing that personal jurisdiction over the defendant existed under CPLR 302(a)(1). The defendant did not conduct sufficient purposeful activities in New York which bore a substantial relationship to the subject matter of this action so as to avail herself of the benefits and protections of New York's laws (see Unitrade Corp. v International Data Sys., Inc., 114 AD3d 934, 935; Iavarone v Northpark Partners, LP, 89 AD3d 902, 903; Muse Collections, Inc. v Carissima Bijoux, Inc., 86 AD3d 631, 631).
CPLR 302(a)(2) provides, in pertinent part, that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state." To be considered an "agent" for purposes of CPLR 302(a), an individual must have "engaged in purposeful activities in the State in relation to a transaction for the benefit of and with the knowledge and consent of the defendant and the defendant must have exercised some control over the agent in the matter" (America/Intl. 1994 Venture v Mau, 146 AD3d 40, 54; see Kreutter v McFadden Oil Corp., 71 NY2d at 467 [internal quotation marks and alterations omitted]). "The critical factor is the degree of control the defendant principal exercises over the agent" (Barbarotto Intl. Sales Corp. v Tullar, 188 AD2d 503, 504). Here, the plaintiff failed to make a prima facie showing that the defendant committed a tortious act within New York (see CPLR 302[a][2]), or that the local New York counsel retained by the daughter-in-law was an agent for the defendant (cf. Chiesa v McGregor, 209 AD3d at 967-968).
The Supreme Court also properly determined that personal jurisdiction over the defendant was not conferred pursuant to CPLR 302(a)(3). Accepting as true the plaintiff's allegations that the defendant committed tortious acts without New York State causing injury to the plaintiff within the State, the plaintiff failed to present any evidence that the defendant regularly did or solicited business, or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in this State (see id. § 302[a][3][i]), or derived substantial revenue from interstate or international commerce (see id. § 302[a][3][ii]; Shatara v Ephraim, 137 AD3d 1248, 1249; Waggaman v Arauzo, 117 AD3d 724, 725).
There is no merit to the plaintiff's contention that the Supreme Court improperly [*3]converted the motion pursuant to CPLR 3211(a) to dismiss the complaint into one for summary judgment (see CPLR 3211[c]; Reno v County of Westchester, 289 AD2d 216, 217).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court