Ward v Well Life Network Inc. (2025 NY Slip Op 51858(U))

[*1]

Ward v Well Life Network Inc.

2025 NY Slip Op 51858(U)

Decided on November 23, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 23, 2025
Supreme Court, Kings County

Guy Ward, Plaintiff,

against
Well Life Network Inc., Defendant.

Index No. 1028/2024

Guy Ward, plaintiff pro se.
Jackson Lewis P.C., New York City (Joseph Anci of counsel), for defendant.

Aaron D. Maslow, J.

The following papers were used on this motion: Plaintiff's complaint, Defendant's notice of motion, Defendant's affirmation in support of motion to dismiss, Defendant's memorandum of law in support of motion to dismiss, Plaintiff's affidavit in opposition, and Plaintiff's amended complaint.
Upon the foregoing papers and having heard oral argument on the record, the within motion is determined as follows.
Background
This is an action commenced by Plaintiff Guy Ward ("Plaintiff") against Defendant Well Life Network ("Defendant") alleging intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). Plaintiff is a resident of Well Life, a non-profit home for disabled adults owned and operated by Defendant. Plaintiff alleges that Defendant allowed him to remain in a toxic environment in the facility for 19 months (see complaint ¶ 7). Specifically, Plaintiff claims that during this period of time, the mental health of his roommate in the facility deteriorated significantly, forcing him to live in "an extremely emotionally stressful environment . . . causing Plaintiff's PTSD relaps[e] with Caregivers Syndrome" (complaint ¶ 4). Plaintiff alleges that he was forced to become his roommate's caregiver and was responsible for setting up meetings with insurance companies, state agencies, [*2]and private nurses on behalf of his roommate (see affidavit in opposition at 4; amended complaint at 8). Plaintiff alleges that Defendant was aware of his roommate's condition and knowingly allowed Plaintiff to remain in this environment. Plaintiff alleges Defendant threatened eviction and was negligent to the emotionally hazardous living conditions of his mentally ill roommate. (See complaint at 2.) Plaintiff seeks compensation of $1,000,000 for his injuries as well as injunctive relief ordering Defendant to change internal protocols at their facility to prevent future IIED (see complaint at 2).
Defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (see notice of motion). Defendant argues that Plaintiff fails to allege the material elements of an IIED claim. Furthermore, to the extent that Plaintiff pleads NIED as a secondary claim, Defendant asserts that Plaintiff similarly fails to meet their prima facie burden to establish an NIED claim (see memorandum of law in support at 3-5).
With respect to the first, second, and third elements of IIED, Plaintiff argues that Defendant failed to respond to his living situation in a professional manner, thereby meeting the required standard. Plaintiff characterizes this conduct as extreme and outrageous and alleges it is displayed in video evidence not provided to this Court. As for the fourth element of IIED, Plaintiff asserts that he experienced PTSD and a bipolar disorder relapse as a result of the actions of Defendant, and therefore meets the IIED threshold (see id.). In his complaint, amended complaint, and affirmation in opposition, Plaintiff reiterates the same facts to support a secondary negligence claim for NIED against Defendant.

Discussion
CPLR 3211 (a) (7) provides that a motion to dismiss a cause of action shall be granted if "the pleading fails to state a cause of action." In New York, to succeed on an IIED claim, a plaintiff must meet their prima facie burden by establishing four elements of IIED (see Howell v New York Post Co., Inc., 81 NY2d 115, 121 [1993]):
(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.
In his complaint and opposition papers, Plaintiff fails to establish a prima facie case for IIED. In order to succeed on an IIED claim, Plaintiffs must demonstrate sufficient facts that show intentional and continued harassment by Defendant. This is a difficult threshold to meet, as the conduct of a defendant must be "a longstanding campaign of deliberate, systematic, and malicious harassment" (see Seltzer v Bayer, 272 AD2d 263, 264-65 [1st Dept 2000]). In the instant case, the allegations of Defendant's allowance of Plaintiff's living conditions, even if true, do not meet this high standard for conduct. The actions alleged in Plaintiff's complaint and opposition papers do not include the requisite extremity of action, intent by Defendant, or direct and causal connection between Defendant's conduct and Plaintiff's alleged PTSD.
Furthermore, in reference to Plaintiff's secondary NIED claim, Plaintiff also fails to meet his prima facie burden. Plaintiff did not show a breach by Defendant of a duty of care owed to Plaintiff, or that the Plaintiff was endangered or reasonably feared for his safety because of a breach (see Chiesa v McGregor, 209 AD3d 963, 966 [2d Dept 2022]; Borrerro v Haks Group, [*3]Inc., 165 AD3d 1216, 1219 [2d Dept 2018]). In order to succeed on a NIED claim, Plaintiff must also sufficiently plead a direct mental injury resulting from a breached duty of care, a standard Plaintiff also fails to meet in this case (see Taggart v Costabile, 131 AD3d 243, 255-56 [2d Dept 2015]).

Conclusion
Accordingly, it is hereby ORDERED that Defendant Well Life Network's motion to dismiss the complaint with prejudice pursuant to CPLR 3211 (a) (7) is GRANTED.