*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                517596
_____

MICHAEL PALL et al.,
    Constituting at Least Five
    Percent of the Members of
    McKENZIE HOMEOWNERS'
    ASSOCIATION, INC., on
    Behalf of Other Members
    Similarly Situated,
                        Appellants,        MEMORANDUM AND ORDER
        v

McKENZIE HOMEOWNERS'
    ASSOCIATION, INC.,
                        Respondent.
_____


Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

_____


        Anderson Byrne, LLC, Saratoga Springs (Elizabeth Byrne-
Chartrand of counsel), for appellants.

        Fischer, Bessette, Muldowney & Hunter, LLP, Malone (Matthew
H. McCardle of counsel), for respondent.

_____


Rose, J.

        Appeal from an order of the Supreme Court (Buchanan, J.),
entered May 17, 2013 in Essex County, which granted defendant's
motion to dismiss the complaint.

        Plaintiffs, representing five percent or more of the
members of defendant, a not-for-profit corporation, commenced
this derivative action pursuant to N-PCL 623.  Plaintiff Raymond

Premo thereafter ceased membership in defendant.  Defendant then moved, pursuant to CPLR 3211 (a) (3), to dismiss the complaint on the ground that plaintiff Michael Pall did not constitute five percent of defendant's members as required by N-PCL 623 (a). Supreme Court granted the motion.

Plaintiffs appeal, contending that Pall may continue the action because N-PCL 623 (b) provides that "[i]n any such action, it shall be made to appear that each plaintiff is such a member, holder or owner at the time of bringing the action."  Plaintiffs read this to mean that the five percent membership requirement applies only as of the date of the commencement of the action, and not thereafter.  We cannot agree.  Instead, we read this section as reflecting that, unlike suits brought pursuant to Business Corporation Law § 626 (b), membership in the not-for-profit corporation at the time of the transaction which is the subject of the suit is not required.

N-PCL 623 is derived from the Business Corporation Law, but it is different in that it does not require ownership at the time of the transaction and does not allow plaintiffs to post security for expenses if they do not meet the five percent requirement (compare N-PCL 623, with Business Corporation Law §§ 626, 627). The requirement that plaintiffs in a derivative action against a not-for-profit corporation consist of at least five percent of any class of members was "necessitated by the elimination from the new law of the 'security for expenses' provision embodied in [Business Corporation Law § 627]" (Mem of Joint Legislative Committee to Study Revision of Corporation Laws, 1969 McKinney's Session Laws of NY at 2485; see L 1969, ch 1066; see also E. Lisk Wyckoff, Jr., Practice Commentaries, McKinney's Cons Laws of NY, Book 37, N-PCL 623).  Because the N-PCL specifically eliminated the ability of less than five percent of shareholders to continue an action by posting security for expenses, we conclude that the ownership requirement of N-PCL 623 (a) must continue throughout the action in order to maintain standing (see generally Independent Inv. Protective League v Time, Inc., 50 NY2d 259, 263-264 [1980]; Tenney v Rosenthal, 6 NY2d 204, 211 [1959]; Balk v 125 W. 92nd St. Corp., 24 AD3d 193, 194 [2005]).  Inasmuch as Pall does not qualify as five percent of the members of defendant, Supreme Court properly granted the motion to dismiss

(see e.g. Bernbach v Bonnie Briar Country Club, 144 AD2d 610, 610 [1988], appeal dismissed 74 NY2d 715 [1989]).

Lahtinen, J.P., Stein, McCarthy and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court