Aboutaam v Dow Jones & Co. (2020 NY Slip Op 01271)





Aboutaam v Dow Jones & Co.


2020 NY Slip Op 01271


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11097 156399/17

[*1] Hicham Aboutaam, Plaintiff-Appellant,
v
Dow Jones & Company, Defendant-Respondent.


Emery Celli Brinckerhoff & Abady LLP, New York (Richard D. Emery and David A. Lebowitz of counsel), for appellant.
Patterson Belknap Webb & Tyler LLP, New York (Robert P. LoBue of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered March 26, 2019, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the claim for defamation by implication, unanimously affirmed, without costs.
Plaintiff, a prominent antiquities dealer, alleges that he was defamed by implication in an article in the Wall Street Journal, which is published by defendant )see Armstrong v Simon & Schuster, 85 NY2d 373, 380—381 [1995]; Martin v Hearst Corp., 777 F3d 546, 552 [2d Cir 2015], cert denied __ US __, 136 S Ct 40 [2015]). The title of the article is "Prominent Art Family Entangled in ISIS [Islamic State of Iraq and Syria] Antiquities-Looting Investigations." The subheading states, "Long-time dealers Ali and Hicham Aboutaam are under scrutiny, as authorities in multiple countries look into how Islamic State finances itself by trafficking in ancient objects." Plaintiff alleges that, through the juxtaposition of text and photographs of him with unrelated information about ISIS and its art-looting activities, the article implies that he was helping to finance ISIS.
Defendant moved to dismiss. In opposition, plaintiff failed to show that the language of the article as a whole can reasonably be read to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference (see Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 37-38 [1st Dept 2014]).
Contrary to plaintiff's contention, the motion court properly considered each challenged statement or feature of the article in the context of the article as a whole, after assessing each individually (see Immuno AG. v Moor-Jankowski, 77 NY2d 235, 250 [1991], cert denied 500 US 954 [1991]).
The article's discussion of investigations by U.S. Immigration and Customs Enforcement (ICE) and by officials in Belgium, Switzerland and France is privileged under Civil Rights Law § 74 as a publication of "a fair and true report of . . . official proceeding[s]" (id.), i.e., its substance is "substantially accurate" (Sprecher v Dow Jones & Co., 88 AD2d 550, 552 [1st Dept 1982], affd 58 NY2d 862 [1983]; see Law Firm of Daniel P. Foster, P.C. v Turner Broadcasting Sys., Inc., 844 F2d 955, 960 [2d Cir 1988], cert denied 488 US 994 [1988]). Plaintiff raised arguments to the contrary for the first time in reply, and we decline to consider them (see Shia v McFarlane, 46 AD3d 320 [1st Dept 2007]).
The photographs in the article are appropriately related to the subject of the article and are accompanied by accurate captions. Their inclusion was a reasonable exercise of editorial discretion (cf. Rejent v Liberation Publs., 197 AD2d 240, 243 [1st Dept 1994] [1st Dept 1994]; cf. also Ward v Klein, 10 Misc 3d 648, 653-654 [Sup Ct, NY County 2005]).
Nor does the layout of the article create a defamatory inference. Both the caption beneath the photograph of the gold ring in the print version and the text adjacent to the photograph in the online version state that no dealer was implicated in the disappearance of the ring (cf. Partridge v State of New York, 173 AD3d 86, 95 [3d Dept 2019]. Plaintiff's effort to minimize the [*2]significance of this unequivocal and effectively placed language is unavailing (see Jewell v NYP Holdings, Inc., 23 F Supp 2d 348, 366 [SD NY 1988]; cf. Stanton v Metro Corp., 438 F3d 119, 126 [1st Cir 2006]).
Plaintiff does not deny that, as the article reported, the objects at issue were seized from his brother's company, Phoenix Ancient Art, by Belgian authorities, and he failed to eliminate the possibility that the Belgian investigation, or "customs verification procedure," as he calls it, occurred upon suspicion that the objects were connected to ISIS. Indeed, in pre-publication communications with the Wall Street Journal reporter, plaintiff himself referred to the Belgian "investigation." Moreover, the inclusion in the article of certain information that plaintiff gave the reporter before publication supports the conclusion that the article was "fair" for purposes of Civil Rights Law § 74.
Plaintiff failed to establish that any potentially defamatory implication imparted by the description of the ICE investigation would have had any discernibly different impact on readers in light of the Belgian, French, and Swiss investigations that the article also described (see Greenberg v Spitzer, 155 AD3d 27, 52 [2d Dept 2017]).
In the context of the article as a whole, it was a reasonable exercise of editorial discretion to omit the minor facts that plaintiff contends are missing (see Stepanov, 120 AD3d at 36; cf. Verity v USA Today, 164 Idaho 832, 848, 436 P3d 653, 669 [Idaho 2019]).
The inclusion of the civil forfeiture actions in the article is another reasonable editorial choice, given their connection to larger themes explored in the article, which, moreover, as indicated, stated that no dealers had been implicated. The discussion of a Bulgarian court's exoneration of plaintiff's brother is not actionable, because it is not "of and concerning" plaintiff (see Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86 [2016]). Nothing in the article would cause a reasonable reader to doubt the trustworthiness of the family member who was the source of that information. Nor does any defamatory meaning arise from the description of plaintiff's gallery in the article.
The motion court properly declined to consider the survey proffered by plaintiff. Whether a statement is defamatory is a legal question to be determined by the court, not by survey participants (see Aronson v Wiersma, 65 NY2d 592, 593 [1985]). Moreover, the highly prejudicial introduction to the survey precludes a finding that the participants were the "reasonable readers" contemplated by the test of defamation by implication.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK