Crime Victims Ctr., Inc. v Logue (2020 NY Slip Op 01475)





Crime Victims Ctr., Inc. v Logue


2020 NY Slip Op 01475


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04848
 (Index No. 606170/16)

[*1]Crime Victims Center, Inc., etc., respondent,
v
Derek Warren Logue, appellant.


Barket Marion Epstein & Kearon, LLP, Garden City, NY (Donna Aldea and Alexander R. Klein of counsel), for appellant.
WeitzPascale (David M. Fish, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated April 4, 2017. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for defamation against the defendant, who posted certain comments about it on an internet blog and on Twitter. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action, sounding in defamation. In an order dated April 4, 2017, the Supreme Court denied those branches of the motion, and the defendant appeals.
Contrary to the defendant's contention, the challenged statements did not constitute pure opinions, which are not actionable as defamation (see Davis v Boeheim, 24 NY3d 262, 269). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" (Mann v Abel, 10 NY3d 271, 276). "In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statements are capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact" (Silverman v Daily News, L.P., 129 AD3d 1054, 1055; see Gross v New York Times Co., 82 NY2d 146, 153). Additionally, "an opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, . . . is a mixed opinion and is actionable" (Davis v Boeheim, 24 NY3d at 269 [internal quotation marks omitted]).
Here, the defendant's statements—including, "I know which politician [the plaintiff] just bought off"; that the plaintiff received "millions of dollars in kickbacks"; and, that the plaintiff used specified government funds to "pad[]" or "line [the] pockets" of a certain government official who was advocating for legislation the plaintiff supported—under the circumstances, and in the context made, were actionable (see Kasavana v Vela, 172 AD3d 1042, 1046; Loder v Nied, 89 AD3d 1197, 1199).
Contrary to the defendant's further contention, the plaintiff did not fail to sufficiently plead actual malice, as is required if the plaintiff is determined to be a limited purpose public figure (see Huggins v Moore, 94 NY2d 296, 301). The complaint alleged that the defendant made the challenged statements with knowledge of their falsity or, knowing that he had no reliable evidence or information supporting the statements, with reckless disregard for their truth (see id.). Those allegations are sufficient at this stage of the proceeding. "[A] plaintiff has no obligation to show evidentiary facts to support [his or her] allegations of malice on a motion to dismiss pursuant to CPLR 3211(a)(7)" (Shaw v Club Mgrs. Assn. of Am., Inc., 84 AD3d 928, 931 [internal quotation marks omitted]; see Sokol v Leader, 74 AD3d 1180, 1182), which merely tests the adequacy of the pleadings (see Davis v Boeheim, 24 NY3d at 268).
Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court