Darden v OneUnited Bank (2020 NY Slip Op 04291)





Darden v OneUnited Bank


2020 NY Slip Op 04291


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-07530
 (Index No. 502686/17)

[*1]Wanda Darden, etc., respondent, 
v
OneUnited Bank, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Adam R. Bialek and Nathan T. Horst of counsel), for appellant.
Wanda Darden, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Civil Rights Law §§ 50 and 51, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 23, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2017, the plaintiff commenced this action, inter alia, to recover damages allegedly arising from the defendant's unauthorized use of the plaintiff's likeness and that of her professional personality "Phantom Knoet" in an advertising campaign. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order dated February 23, 2018, the Supreme Court denied the motion, and the defendant appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff[ ] the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883; see Leon v Martinez, 84 NY2d 83, 88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837). "Furthermore, [u]nlike . . . a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings'" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38, quoting Davis v Boeheim, 24 NY3d 262, 268).
We agree with the Supreme Court's determination denying those branches of the defendant's motion which were to dismiss the first and second causes of action, alleging violations of the plaintiff's right of privacy and the related right of publicity, respectively, under Civil Rights Law §§ 50 and 51. Civil Rights Law § 50 prohibits "[a] person, firm or corporation" from using "for [*2]advertising purposes . . . the name, portrait or picture of any living person without having first obtained the written consent of such person." "A name, portrait or picture is used for advertising purposes' if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service" (Beverly v Choices Women's Med. Ctr., 78 NY2d 745, 751). Here, accepting the plaintiff's allegations as true, which we must (see Leon v Martinez, 84 NY2d at 87-88), whether or not the subject image constituted a work of art, the first and second causes of action state cognizable causes of action under Civil Rights Law §§ 50 and 51 as they allege, inter alia, that the defendant used the plaintiff's portrait, image, and likeness as Phantom Knoet in an advertising campaign, which included promotional merchandise to promote the defendant's financial services and products (cf. Foster v Svenson, 128 AD3d 150, 160; see generally CPLR 3014).
However, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the third cause of action, alleging a violation of a purported common-law right of publicity based on the defendant's misappropriation of the plaintiff's property right in her image and that of her persona Phantom Knoet. As the right of publicity is encompassed under the Civil Rights Law as an aspect of the right of privacy, which is exclusively statutory, there is no common-law right of publicity (see Stephano v News Group Publs., 64 NY2d 174, 183; see also Cohen v Herbal Concepts, 63 NY2d 379, 384; Hampton v Guare, 195 AD2d 366; Brinkley v Casablancas, 80 AD2d 428; Onassis v Christian Dior-N.Y., 122 Misc 2d 603 [Sup Ct, NY County], affd 110 AD2d 1095; DeClemente v Columbia Pictures Indus., Inc., 860 F Supp 30, 52 [ED NY]).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court