DiMauro v Advance Publs., Inc. (2021 NY Slip Op 00417)





DiMauro v Advance Publs., Inc.


2021 NY Slip Op 00417


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-06231
 (Index No. 153162/18)

[*1]Kevin DiMauro, appellant-respondent,
v
Advance Publications, Inc., et al., respondents-appellants.


Jaroslawicz & Jaros PLLC, New York, NY (Daniel C. Perrone III of counsel), for appellant-respondent.
Greenberg Traurig, LLP, Albany, NY (Michael J. Grygiel of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for defamation, violations of Civil Rights Law §§ 50 and 51, intentional infliction of emotional distress, and negligent infliction of emotional distress, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated April 23, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for the imposition of sanctions.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In October 2018, the defendant Advance Publications, Inc., published an article in the Staten Island Advance, written by the defendant Maura Grunland, reporting that allegations of sexual abuse against a pastor at Blessed Sacrament Roman Catholic Church had been substantiated. In the print version of the article, between the headline "Longtime pastor 'will never serve as a priest again'" and the subheading "Archdiocese affirms sex-abuse allegations against former Blessed Sacrament monsignor," the defendants included a photograph from 2000 depicting the pastor at issue, two other priests or pastors, and three children—including the plaintiff, walking in a church processional, with several parishioners in the background. The caption to the photograph read, "Monsignor Francis Boyle, seen here at Blessed Sacrament Roman Catholic Church in West Brighton in 2000, faces sex-abuse allegations brought through the Archdiocese's Independent Reconciliation Program."
On or about November 8, 2018, the plaintiff commenced the instant action to recover damages for defamation, violations of Civil Rights Law §§ 50 and 51, intentional infliction of emotional distress, and negligent infliction of emotional distress. The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211(a)(7) and for sanctions pursuant to CPLR 8303-a. In an order dated April 23, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion which was to dismiss the complaint, but denied that branch of the motion which [*2]was to impose sanctions. The plaintiff appeals, and the defendants cross-appeal, from the order. We affirm the order insofar as appealed and cross-appealed from.
We agree with the Supreme Court that the complaint failed to state a cause of action to recover damages for defamation. "In order to establish a prima facie case of defamation, plaintiffs must show that the matter published is 'of and concerning' them" (Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86, quoting Julian v American Bus. Consultants, 2 NY2d 1, 17). "Although it is not necessary for the plaintiffs to be named in the publication, they must plead and prove that the statement referred to them and that a person hearing or reading the statement reasonably could have interpreted it as such" (Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d at 86; see Lihong Dong v Ming Hai, 108 AD3d 599, 600). Here, as a matter of law, "viewing the article[] as a whole, the average reader would" not conclude that the article was of and concerning the plaintiff (Alf v Buffalo News, Inc., 21 NY3d 988, 990; see Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d at 87; Russian Am. Found, Inc. v Daily News, L.P., 109 AD3d 410, 413). The article specifically stated that the archdiocese "will not be releasing information on those who come forward, so as to protect their anonymity" and that details of "when, where and how the alleged abuse occurred" were not released (compare Aboutaam v Dow Jones & Co., 180 AD3d 573, 574, with Partridge v State of New York, 173 AD3d 86, 95). The article did not state that Monsignor Boyle's victims were children. Since the defendants' article did not expressly or impliedly pertain to the plaintiff, it is unnecessary to determine whether the challenged statements were susceptible to a defamatory meaning (cf. Udell v NYP Holdings, Inc., 169 AD3d 954, 957), and the court properly directed dismissal of the cause of action to recover damages for defamation (see generally Julian v American Business Consultants, Inc., 2 NY2d at 17-18; Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 40).
We also agree with the Supreme Court that the complaint failed to state a cause of action to recover damages for violations of Civil Rights Law §§ 50 and 51. Civil Rights Law § 50 makes it a misdemeanor to use a living person's "name, portrait or picture" for trade or advertising purposes "without having first obtained the written consent of such person, or if a minor of his or her parent or guardian." Section 51 provides that "[a]ny person whose name, portrait, or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as [provided in section 50] may maintain an equitable action . . . to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use" (Civil Rights Law § 51).
The statute "is to be narrowly construed and 'strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person'" (Messenger v Gruner + Jahr Print. & Publ., 94 NY2d 436, 441, quoting Finger v Omni Publs. Intl., 77 NY2d 138, 141). Further, "these sections do not apply to reports of newsworthy events or matters of public interest" (Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 441; see Stephano v News Group Publs., 64 NY2d 174, 184). It is "well settled that '[a] picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising within the prohibition of the statute . . . unless it has no real relationship to the article . . . or unless the article is an advertisement in disguise'" (Finger v Omni Publs. Intl., 77 NY2d at 142, quoting Murray v New York Mag. Co., 27 NY2d 406, 409 [internal quotation marks omitted]).
Here, it is undisputed that the publication in question was a newsworthy event and there is no contention that it was an advertisement in disguise. Further, contrary to the plaintiff's contention, the photograph, which depicted the priest in question at the church which first reported the abuse, was reasonably related to the article (see Finger v Omni Publs. Intl., 77 NY2d at 143). Accordingly, the Supreme Court properly directed dismissal of the cause of action to recover damages for violations of Civil Rights Law §§ 50 and 51.
In addition, the Supreme Court properly directed dismissal of the cause of action to recover damages for intentional infliction of emotional distress. The complaint failed to adequately allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" [*3](Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [internal quotation marks omitted]). Further, the court properly directed dismissal of the cause of action to recover damages for negligent infliction of emotional distress (see Napoli v New York Post, 175 AD3d 433, 434).
Finally, we agree with the Supreme Court that the defendants failed to demonstrate that the imposition of sanctions was warranted pursuant to CPLR 8303-a.
Accordingly, we affirm the order insofar as appealed and cross-appealed from.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court