Feliciano v Seabrook (2023 NY Slip Op 01182)

Feliciano v Seabrook

2023 NY Slip Op 01182

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-04980
2020-04990
 (Index No. 712894/19)

[*1]Jeannette Feliciano, et al., appellants,
v
Norman Seabrook, et al., respondents, Correction Officers' Benevolent Association, Inc., nominal defendant-respondent.

Newman Ferrara LLP, New York, NY (Jeffrey M. Norton, Roger A. Sachar, Jr., and Benjamin D. Baker of counsel), for appellants.
Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for respondents Elias Husamudeen, Joseph Bracco, Elizabeth Castro, Michael Maiello, Amelia Warner, Thomas Farrell, Karen Tyson, Benny Boscio, Kenyatta Johnson, Daniel Palmieri, Angel Castro, Frederic Fusco, and Paulette Bernard, and Correction Officers' Benevolent Association, Inc., East Elmhurst, NY (Marc Alain Steier of counsel), nominal defendant-respondent pro se (one brief filed).
Albert Craig, Brooklyn, NY, respondent pro se.
Gibson, Dunn & Crutcher LLP, New York, NY (Reed Brodsky and Andrew C. Bernstein of counsel), for respondent Koehler & Isaacs, LLP.

DECISION & ORDER
In a derivative action on behalf of members of Correction Officers' Benevolent Association, Inc., inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the plaintiffs appeal from two orders of the Supreme Court, Queens County (Leonard Livote, J.), both dated June 11, 2020. The first order granted the motion of the defendant Koehler & Isaacs, LLP, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants. The second order denied, as academic, the motion of the defendants Elias Husamudeen, Joseph Bracco, Elizabeth Castro, Michael Maiello, Amelia Warner, Thomas Farrell, Karen Tyson, Benny Boscio, Kenyatta Johnson, Daniel Palmieri, Angel Castro, Frederic Fusco, Paulette Bernard, and the nominal defendant, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and the separate motion of the defendant Albert Craig pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that on the Court's own motion, the notice of appeal from so much of the first order, as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants other than the defendant Koehler & Isaacs, LLP, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it [*2]is further,
ORDERED that the first order is affirmed; and it is further,
ORDERED that the appeal from the second order is dismissed, as the plaintiffs are not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On July 25, 2019, the plaintiffs commenced this derivative action on behalf of the members of Correction Officers' Benevolent Association, Inc. (hereinafter COBA), against the defendants Elias Husamudeen, Joseph Bracco, Elizabeth Castro, Michael Maiello, Amelia Warner, Thomas Farrell, Karen Tyson, Benny Boscio, Kenyatta Johnson, Daniel Palmieri, Angel Castro, Frederic Fusco, Paulette Bernard (hereinafter collectively the board member defendants), and Albert Craig, who are COBA executive board members, Koehler & Isaacs, LLP (hereinafter the law firm), COBA's outside counsel, and another defendant, asserting causes of action, inter alia, alleging breach of fiduciary duty and unjust enrichment. The law firm and Craig separately moved, and the board member defendants and the nominal defendant moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, all contending, inter alia, that the plaintiffs lacked standing. In an order dated June 11, 2020, the Supreme Court granted the law firm's motion, and, sua sponte, directed dismissal of the complaint insofar as against the remaining defendants. In a second order also dated June 11, 2020, the court denied, as academic, the separate motions of Craig and the board member defendants and the nominal defendant. The plaintiffs appeal.
Contrary to the plaintiffs' contention that they have standing to commence this derivative action pursuant to Labor Law § 725, the plaintiffs lack standing to assert derivative claims on behalf of the nominal defendant COBA because they do not represent five percent or more of any class of members of COBA (see N-PCL 623[a]).
COBA is a labor union that is organized as a not-for-profit corporation. Pursuant to Labor Law § 725(1), which is part of the Labor and Management Improper Practices Act (hereinafter LMIPA), "[w]here an officer or agent of a labor organization has violated or is violating" any of the obligations set forth in Labor Law §§ 722 and 723, "[a]ny member" of the labor organization has the right to commence "an action or proceeding in any court of competent jurisdiction for legal or equitable relief to redress such violation of obligation," provided that certain conditions are met. In contrast, under Not-For-Profit Corporation Law § 623(a), a derivative action "may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by five percent or more of any class of members."
"Even before the enactment of [Not-For-Profit Corporation Law § 623], the Court of Appeals recognized the power of the courts to permit a derivative claim even in the absence of statutory authority. The Legislature's subsequent enactment of [Not-For-Profit Corporation Law § 623] permitting such actions was viewed as restricting, rather than enabling, the right that the courts had already recognized" (Caprer v Nussbaum, 36 AD3d 176, 188 [citations omitted]; see Pall v McKenzie Homeowners' Assn., Inc., 121 AD3d 1446, 1447; Segal v Powers, 180 Misc 2d 57, 59-60 [Sup Ct, NY County]). "It is a fundamental tenet of statutory construction that the Legislature is presumed to be aware of the law in existence at the time of an enactment, as well as the effect and implication of its own enactments" (Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 92; see Wager v Pelham Union Free Sch. Dist., 108 AD3d 84, 89). As relevant here, LMIPA was enacted in 1959 and Not-For-Profit Corporation Law § 623(a) was enacted a decade later, in 1969. Thus, it is presumed that the Legislature, when it enacted Not-For-Profit Corporation Law § 623(a), was aware of the previously enacted LMIPA. If the Legislature intended LMIPA to take precedence, it would have exempted derivative actions brought on behalf of labor unions organized as not-for-profit corporations from the requirements of Not-For-Profit Corporation [*3]Law § 623(a), but it did not do so (see N-PCL 623).
Accordingly, the five percent requirement for derivative actions set forth in Not-For-Profit Corporation Law § 623(a) applies to members of a labor union that is organized as a not-for-profit corporation. Because the plaintiffs commenced this action derivatively but failed to satisfy the five percent requirement, the Supreme Court properly granted the law firm's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs lack standing, and properly directed dismissal of the complaint insofar as asserted against the remaining defendants (see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d at 92; Rector, Church Wardens & Vestrymen of St. Bartholomew's Church v Committee to Preserve St. Bartholomew's Church, 84 AD2d 309, 313-314).
In light of the foregoing, the parties' remaining contentions need not be reached.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court