Torres v Lindsay Park Bd. of Directors (2023 NY Slip Op 04227)

Torres v Lindsay Park Bd. of Directors

2023 NY Slip Op 04227

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-04811
 (Index No. 508967/19)

[*1]Adelaida Torres, etc., et al., respondents, 
v
Lindsay Park Board of Directors, appellant, et al., defendants.

Gallet Dreyer & Berkey, LLP, New York, NY (Kyle G. Kunst of counsel), for appellant.
Brooklyn Legal Services Corporation A, Brooklyn, NY (Tricia Lendore of counsel), for respondents.

DECISION & ORDER
In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, the defendant Lindsay Park Board of Directors appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 12, 2020. The order denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the derivative causes of action insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In April 2019, the plaintiffs, shareholders of Lindsay Park Housing Corp. (hereinafter Lindsay Park), a housing cooperative, commenced this shareholder's derivative action against the defendants Lindsay Park Board of Directors (hereinafter the Board), Cora Dix-Austin, Zenith Properties, Inc., Vinay Vohra, and Jay Silverberg, among others. The plaintiffs alleged in the complaint, inter alia, that Dix-Austin, as former president of the Board, together with Vohra and Silverberg, knowingly participated in a conspiracy to take bribes from contractors and vendors for inflated work orders that were never substantially performed. According to the complaint, the Kings County District Attorney's office commenced an investigation into this wrongdoing at Lindsay Park in or about July of 2015, and, as a result of that investigation, Dix-Austin, Vohra, and Silverberg each pleaded guilty to commercial bribe receiving in the first degree, and were sentenced to one to three years of imprisonment. The plaintiffs also alleged that any demand on the Board to prevent such wrongdoing or to recoup any proceeds or money lost as a result of the wrongdoing of Dix-Austin, Vohra, and Silverberg would have been futile, as the behavior at issue involved an interested [*2]director, namely, Dix-Austin.
In October 2019, the Board moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the derivative causes of action insofar as asserted against it on the ground that the plaintiffs failed to plead with particularity that they either made a pre-suit demand on the Board or that such a demand would have been futile. The plaintiffs opposed.
By order dated May 12, 2020, the Supreme Court denied that branch of the Board's motion which was pursuant to CPLR 3211(a)(7) to dismiss the derivative causes of action insofar as asserted against it. The Board appeals. We affirm.
Pursuant to Business Corporation Law § 626(c), in order to assert a derivative cause of action, shareholders must set forth with particularity their efforts to secure the initiation of such action by the board of directors or the reasons for not making such effort (see Walsh v Wwebnet, Inc., 116 AD3d 845, 846-847; Malkinzon v Kordonsky, 56 AD3d 734, 735). "'Demand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit'" (Mason-Mahon v Flint, 166 AD3d 754, 758, quoting Bansbach v Zinn, 1 NY3d 1, 9). "The plaintiff may satisfy this standard by alleging with particularity (1) that a majority of the board of directors is interested in the challenged transaction; or (2) that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances; or (3) that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors" (Recine v Recine, 201 AD3d 827, 829 [internal quotation marks omitted]; see Marx v Akers, 88 NY2d 189, 200-201).
Here, the Supreme Court properly denied that branch of the Board's motion which was pursuant to CPLR 3211(a)(7) to dismiss the derivative causes of action insofar as asserted against it. The plaintiffs sufficiently pleaded with particularity that the Board did not fully inform itself about the challenged transactions to the extent reasonably appropriate under the circumstances (see Mason-Mahon v Flint, 166 AD3d at 758-759; Hecht v Andover Assoc. Mgt. Corp., 114 AD3d 638, 641).
The Board's remaining contention is not properly before us, as the remaining branch of its motion remains pending and undecided (see OneWest Bank FSB v Perla, 200 AD3d 1052, 1056).
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court