Barbetta v NBCUniversal Media, LLC (2024 NY Slip Op 02514)

Barbetta v NBCUniversal Media, LLC

2024 NY Slip Op 02514

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-07689
 (Index No. 126/21)

[*1]Consuelo Marie Barbetta, appellant, 
v
NBCUniversal Media, LLC, et al., respondents.

Consuelo Marie Barbetta, North Bellmore, NY, appellant pro se.
Ballard Spahr LLP, New York, NY (Jacquelyn N. Schell and Ashley I. Kissinger of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Civil Rights Law §§ 50 and 51, the plaintiff appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered September 29, 2021. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Kimberly Noel Kardashian and granted the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs.
In 2014, the plaintiff attended an event at a certain DASH Boutique. Without the plaintiff's written consent, the assistant to a stylist for the defendant Kimberly Noel Kardashian published a photograph taken at that event to an Instagram account denominated by that assistant's name. The photograph allegedly depicted the assistant and the stylist, with the plaintiff appearing in the background.
In 2021, the plaintiff commenced this action against Kardashian, an alleged owner of the DASH Boutique, and the defendant NBCUniversal Media, LLC (hereinafter NBCUniversal), which allegedly "endorses" Kardashian, alleging, inter alia, that the plaintiff sustained damages arising from the publication of the subject photograph.
On April 22, 2021, NBCUniversal moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. On May 13, 2021, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against Kardashian. On June 1, 2021, Kardashian separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order entered September 29, 2021, the Supreme Court denied the plaintiff's motion and granted the defendants' separate motions. The plaintiff appeals.
"When a defendant has failed to appear, . . . the plaintiff may seek a default judgment against him [or her]" (id. § 3215[a]). Contrary to the plaintiff's contention, Kardashian timely appeared by moving pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her (see id. §§ 308[2]; 320[a]; General Construction Law §§ 20, 24, 25-a). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a [*2]default judgment against Kardashian.
Moreover, the Supreme Court properly granted Kardashian's motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211(a)(8). "In opposing a motion pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Serota v Cooper, 216 AD3d 1019, 1020). "'The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff'" (Fanelli v Latman, 202 AD3d 758, 759, quoting Nick v Schneider, 150 AD3d 1250, 1251). "[T]he residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there" (Fantis Foods v Standard Importing Co., 49 NY2d 317, 326).
Here, in opposition to Kardashian's motion, the plaintiff failed to make a prima facie showing that personal jurisdiction over Kardashian existed (see Serota v Cooper, 216 AD3d at 1021-1022; Fanelli v Latman, 202 AD3d at 760), since the plaintiff failed to establish a sufficient nexus between Kardashian's purported transaction of business in New York and the plaintiff's claims (see Johnson v Ward, 4 NY3d 516, 520). We note that we have not considered the plaintiff's contention on this issue to the extent that it relies on matter dehors the record (see Swartz v Swartz, 145 AD3d 818, 831).
Additionally, the Supreme Court properly granted NBCUniversal's motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211(a)(7). On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "'[A]llegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration'" (Simkin v Blank, 19 NY3d 46, 52, quoting Maas v Cornell Univ., 94 NY2d 87, 91). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142).
Here, the plaintiff alleges causes of action sounding in violations of Civil Rights Law §§ 50 and 51, General Business Law §§ 349, 350, and 350-a, and defamation. Civil Rights Law § 50 prohibits "[a] person, firm or corporation" from using "for advertising purposes . . . the name, portrait or picture of any living person without having first obtained the written consent of such person." "Any person whose name, portrait, picture or voice is used within this state for advertising purposes . . . may . . . recover damages for any injuries sustained by reason of such use" (id. § 51). "'A name, portrait or picture is used for advertising purposes if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service'" (Darden v OneUnited Bank, 185 AD3d 1004, 1006, quoting Beverley v Choices Women's Med. Ctr., 78 NY2d 745, 751 [internal quotation marks omitted]). "The statute is to be narrowly construed and strictly limited to nonconsensual commercial appropriation of the name, portrait[,] picture [or voice] of a living person" (DiMauro v Advance Publs., Inc., 190 AD3d 942, 945 [internal quotation marks omitted]). Here, the plaintiff failed to allege that Kardashian, NBCUniversal, or any of NBCUniversal's employees used the plaintiff's name, portrait, picture, or voice within this state for advertising purposes (see Wojtowicz v Delacorte Press, 43 NY2d 858, 860; DiMauro v Advance Publs., Inc., 190 AD3d at 944-945).
The plaintiff also failed to allege a cause of action against NBCUniversal sounding in violations of General Business Law §§ 349, 350, or 350-a, since the plaintiff failed to allege that NBCUniversal engaged in an act or practice that was consumer-oriented and deceptive or misleading in a material way (see id.; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Oswego [*3]Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25). Furthermore, the plaintiff failed to allege a cause of action sounding in defamation against NBCUniversal, since she failed to set forth "the particular words complained of" in the complaint (CPLR 3016[a]; see Cohen v Cohen, 210 AD3d 633, 635).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court