Nofal v Yousef (2024 NY Slip Op 03182)

Nofal v Yousef

2024 NY Slip Op 03182

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-01580
 (Index No. 61639/21)

[*1]Abdelnasser Nofal, etc., appellant, 
v
Mohdjamil Yousef, etc., et al., respondents.

Abdelnasser Nofal, Yonkers, NY, appellant pro se.
Aaron R. Pam, White Plains, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated February 7, 2022. The order, insofar as appealed from, granted the defendants' motion, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the former principal of a school operated by the Muslim American Society of Upper New York (hereinafter MAS-UNY). The plaintiff commenced this action, individually and derivatively, against the defendants, three of whom were alleged members of the MAS-UNY Board of Trustees (hereinafter the Board). The plaintiff alleged that the defendants published or caused to be published certain defamatory statements and posts, including statements that the plaintiff was "a dictator [and] not a team player," that the defendants had "decided to part ways with [the plaintiff] based on very serious violations and legal issues," that the plaintiff was "a threat" and "dangerous to the community," and that the plaintiff was "incapable of running a school." The plaintiff also sought to remove from the Board those defendants who were alleged members thereof for alleged violations of their duties of loyalty and care.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. Thereafter, the plaintiff filed an amended complaint, alleging further that MAS-UNY has approximately 100 members and that the plaintiff "represents the interests" of 24 other members of MAS-UNY. In reply, the defendants argued, among other things, that the amended complaint should be dismissed. In an order dated February 7, 2022, the Supreme Court, inter alia, after deeming the amended complaint timely filed, granted the defendants' motion, in effect, to dismiss the amended complaint. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction, the court is to determine only whether the facts as alleged fit within any cognizable legal theory, and the facts pleaded are presumed to be true and are to be accorded every favorable inference" (Recine v Recine, 201 AD3d 827, 829-830; see Leon v Martinez, 84 NY2d 83, 87-88).
"'The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se'" (North Shore Towers Apts. Inc. v Kozminsky, 219 AD3d 494, 495, quoting Greenberg v Spitzer, 155 AD3d 27, 41). "The complaint must set forth the particular words allegedly constituting defamation (see CPLR 3016[a]), and it must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Epifani v Johnson, 65 AD3d 224, 233). "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" (Mann v Abel, 10 NY3d 271, 276).
Here, the Supreme Court properly directed dismissal of the defamation causes of action, as the amended complaint did not set forth the persons to whom the statements were allegedly published and, for many of the alleged defamatory statements, failed to set forth the actual words complained of or the time when, place where, and manner in which the statements were made (see Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1034-1035; CSI Group, LLP v Harper, 153 AD3d 1314, 1320; cf. Epifani v Johnson, 65 AD3d at 234). In addition, most of the alleged defamatory statements lack a precise meaning that is capable of being proven true or false (see Bowen v Van Bramer, 205 AD3d 674, 675; cf. Crime Victims Ctr., Inc. v Logue, 181 AD3d 556, 557).
The Supreme Court also properly directed dismissal of the derivative cause of action. Since the plaintiff seeks to vindicate the rights of MAS-UNY by asserting that cause of action, the cause of action had to be, but was not, asserted in the context of a derivative action brought by at least five percent of MAS-UNY's members (see N-PCL 623[a]; Feliciano v Seabrook, 214 AD3d 711, 712; Tae Hwa Yoon v New York Hahn Wolee Church, Inc., 56 AD3d 752, 755; Clark v Trois, 21 AD3d 439, 440; Rector, Church Wardens & Vestrymen of St. Bartholomew's Church v Committee to Preserve St. Bartholomew's Church, 84 AD2d 309, 314). Furthermore, the plaintiff's allegations were insufficient to set forth with particularity the plaintiff's efforts to secure the initiation of a derivative action by the Board or the reason for not making such efforts (see N-PCL 623[c]; Tae Hwa Yoon v New York Hahn Wolee Church, Inc., 56 AD3d at 755; cf. Bansbach v Zinn, 1 NY3d 1, 12; Torres v Lindsay Park Bd. of Directors, 219 AD3d 655, 656-657).
Accordingly, the Supreme Court properly granted the defendants' motion, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint. The parties' remaining contentions are academic.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court