Worob v Campbell (2026 NY Slip Op 00813)

Worob v Campbell

2026 NY Slip Op 00813

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2021-07856
2022-03590
 (Index No. 30706/21)

[*1]Michelle Worob, appellant, 
vBrian Campbell, et al., respondents, et al., defendant (and a third-party action).

Condon Paxos PLLC, Nanuet, NY (Brian K. Condon of counsel), for appellant.
G. Oliver Koppell, New York, NY (Scott Doherty of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for defamation, defamation per se, intentional infliction of emotional distress, and negligent infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated October 8, 2021, and (2) an undated order of the same court. The order dated October 8, 2021, insofar as appealed from, granted the motion of the defendant Lisa Williams pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her and denied the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint. The undated order granted the motion of the defendants Brian Campbell and Matt Worgul pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated October 8, 2021, is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendant Lisa Williams which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for defamation and defamation per se insofar as asserted against her, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint, and substituting therefor a provision granting the cross-motion; as so modified, the order dated October 8, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the undated order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Brian Campbell and Matt Worgul which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for defamation and defamation per se insofar as asserted against them, and substituting therefor provisions denying those branches of the motion; as so modified, the undated order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2021, the plaintiff commenced this action against the defendants to recover damages for defamation, defamation per se, intentional infliction of emotional distress, and negligent infliction of emotional distress. The plaintiff alleged, among other things, that the [*2]defendants made various statements to a local online newspaper and individual members of the community falsely accusing her of misappropriating monies from the Pearl River Chamber of Commerce while she was acting as its treasurer.
The defendant Lisa Williams moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action. The plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an order dated October 8, 2021, the Supreme Court, inter alia, granted Williams's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
Thereafter, the defendants Brian Campbell and Matt Worgul moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an undated order, the Supreme Court, without referencing the plaintiff's second cross-motion for leave to amend the complaint, granted the motion of Campbell and Worgul. The plaintiff appeals.
Generally, "'[l]eave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Spina v Browning Hotel Props., LLC, 230 AD3d 613, 613 [internal quotation marks omitted], quoting Ruland v Leibowitz, 209 AD3d 1051, 1052; see Kyung Hee Moon v Owadeyah, 223 AD3d 793, 794). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion for leave to amend the complaint, made in response to Williams's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her, as the proposed amendments were not palpably insufficient or patently devoid of merit (see Tenenbaum v Ziv, 231 AD3d 1181, 1182; Spina v Browning Hotel Props., LLC, 230 AD3d at 613-614).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Tsamasiros v Jones, 232 AD3d 816, 817; see Whelan v Cuomo, 220 AD3d 979, 980).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41; see Tsamasiros v Jones, 232 AD3d at 817). In addition, where the plaintiff is a public figure, the plaintiff is required to prove, by clear and convincing evidence, that the defamatory statements were published with actual malice (see Udell v NYP Holdings, Inc., 169 AD3d 954, 956; Greenberg v Spitzer, 155 AD3d at 41). "In an action for libel or slander, the particular words complained of shall be set forth in the complaint" (CPLR 3016[a]; see Tsamasiros v Jones, 232 AD3d at 817; Nofal v Yousef, 228 AD3d 772, 774), and the complaint "must also allege the time, place, and manner of the false statement and specify to whom it was made" (Tsatskin v Kordonsky, 189 AD3d 1296, 1299; see Dillon v City of New York, 261 AD2d 34, 38).
Here, accepting the allegations in the proposed amended complaint as true and according the plaintiff every possible favorable inference, the proposed amended complaint sufficiently pleaded causes of action against Williams to recover damages for defamation and defamation per se (see Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 850; Crime Victims Ctr., Inc. v Logue, 181 AD3d 556, 557). Accordingly, the Supreme Court should have denied those branches of Williams's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for defamation and defamation per se insofar as asserted against her (see Jesberger v CVS Health Solutions, LLC, 222 AD3d at 850).
"'The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, [*3]severe emotional distress; (3) causation; and (4) severe emotional distress'" (Oluwo v Mills, 228 AD3d 879, 881, quoting Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). "In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Ratto v Oliva, 195 AD3d 870, 873, quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 303; see Oluwo v Mills, 228 AD3d at 881). Here, accepting as true the allegations in the proposed amended complaint, the alleged conduct did not satisfy that standard (see Oluwo v Mills, 228 AD3d at 881; Klein v Metropolitan Child Servs., Inc., 100 AD3d at 711). Moreover, the cause of action to recover damages for intentional infliction of emotional distress is duplicative of the causes of action to recover damages for defamation and defamation per se (see Segall v Sanders, 129 AD3d 819, 821; Akpinar v Moran, 83 AD3d 458, 459). Accordingly, the Supreme Court properly granted that branch of Williams's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against her (see Davydov v Youssefi, 205 AD3d 881, 883; Mees v Buiter, 186 AD3d 1670, 1672).
"A cause of action to recover damages for negligent infliction of emotional distress 'generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety'" (Lea v McNulty, 227 AD3d 971, 973, quoting Santana v Leith, 117 AD3d 711, 712). Here, the plaintiff failed to allege, inter alia, either that she feared for her own safety or that any of Williams's acts endangered her physical safety (see DiMauro v Advance Publs., Inc., 190 AD3d 942, 945-946; Ross v State Univ. of N.Y., 166 AD3d 1034, 1035). Accordingly, the Supreme Court properly granted that branch of Williams's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for negligent infliction of emotional distress insofar as asserted against her (see DiMauro v Advance Publs., Inc., 190 AD3d at 945-946).
As the causes of action against Campbell and Worgul to recover damages for defamation and defamation per se were sufficiently pleaded, the Supreme Court should have denied those branches of their motion which were pursuant to CPLR 3211(a)(7) to dismiss those causes of action insofar as asserted against them (see Jesberger v CVS Health Solutions, LLC, 222 AD3d at 849; Crime Victims Ctr., Inc. v Logue, 181 AD3d at 557). However, the court properly granted those branches of their motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for intentional infliction of emotional distress and negligent infliction of emotional distress insofar as asserted against them, for the reasons discussed above (see Oluwo v Mills, 228 AD3d at 881; DiMauro v Advance Publs., Inc., 190 AD3d at 945-946).
Moreover, contrary to the defendants' contentions, the plaintiff is not a public figure or a limited-purpose public figure. "Certain individuals may be considered public figures for all purposes while others 'may invite publicity only with respect to a narrow area of interest' and may fairly be considered public figures only where the alleged defamation relates to the publicity they sought" (Gottwald v Sebert, 40 NY3d 240, 251, quoting James v Gannett Co., 40 NY2d 415, 423). Limited-purpose public figures "'have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved'" (Huggins v Moore, 94 NY2d 296, 302, quoting Gertz v Robert Welch, Inc., 418 US 323, 345). Here, the plaintiff did not "achieve such pervasive fame or notoriety that [she became] a public figure for all purposes" (Gertz v Robert Welch, Inc., 418 US at 351), nor did she inject herself into a particular public controversy, and, thus, the plaintiff was not required to plead actual malice (see Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 880, 883).
The plaintiff's cross-motion for leave to amend the complaint made in response to the motion of Campbell and Worgul pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them was not addressed in the undated order appealed from and, thus, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court